UNITED STATES of America,
Appellee,

v.

Charles Michael KEE, aka "O.G. Mike", Defendant–Appellant.

Docket No. 00–1795.

United States Court of Appeals, Second Circuit.

Jan. 9, 2002.

Laurie S. Hershey, Garden City, NY; Charles Michael Kee pro se, Lewisburg, PA, for Appellant.

Christine Y. Chi, Ass't U.S. Att'y, SDNY, N.Y., NY, for Appellee.

Present NEWMAN, and KEARSE, Circuit Judges, and CARMAN, Chief Judge *.

### SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the Southern District of New York, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed, and the matter is remanded with instructions to the district court to append a copy of the sentencing transcript to the presentence report prepared on defendant by the United States Probation Department.

Defendant Charles Michael Kee appeals from a judgment entered in the United States District Court for the Southern District of New York following his plea of guilty before Denise Cote, *Judge*, convicting him of conducting the affairs of a RICO enterprise through a pattern of racketeering, in violation of 18 U.S.C. § 1962(c); committing violent crimes in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5); threatening to commit violent crimes to enhance his gang status, in violation of 18 U.S.C. § 1959(a)(4); and using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c) and § 2. He was sentenced principally to 40 years' imprisonment, to be followed by a three-year term of supervised release. On appeal, Kee contends, through counsel, that his rights under Fed.R.Crim.P. 32(c) and the Due Process Clause were violated by the court's failure to rule on his challenge to assertions in the presentence report

("PSR") that he had kidnaped and raped a 16–year–old girl. In his *pro se* brief, filed with permission of this Court, Kee makes numerous additional arguments, including that he received ineffective assistance of counsel. The government contends that the PSR and the judicial proceedings were proper but concedes that there should be a limited remand to permit the sentencing transcript to be attached to the PSR. For the reasons that follow, we find no reason to disturb the judgment, but we remand for the district court to append a copy of the sentencing transcript to the PSR.

■ Rule 32(c)(1) provides that when a defendant disputes statements made in the PSR, "[f]or each matter controverted, the court must make either a finding on the allegation or a determination that no finding is necessary because the controverted matter will not be taken into account in, or will not affect, sentencing." Fed. R.Crim.P. 32(c)(1). The purpose of this requirement is to ensure that the PSR is accurate in every respect material to the court's determination of the defendant's sentence. *See, e.g., United States v. Reiss,* 186 F.3d 149, 157 (2d Cir.1999); *United States v. Pugliese,* 805 F.2d 1117, 1123 (2d Cir.1986).

■ In the present case, the district court declined to resolve Kee's challenge to the PSR statements that Kee had kidnaped and raped a 16 year old girl. The court stated that it would not take the disputed allegations into account in sentencing Kee. Accordingly, Rule 32 did not require resolution of the dispute. Further, because the district court is not permitted to render advisory opinions, *see generally Green v. United States,* 260 F.3d 78, 82 (2d Cir.2001) (*citing United States National Bank v. Independent Insurance Agents of America, Inc.,* 508 U.S. 439, 446, 113 S.Ct.

---

* Honorable Gregory W. Carman, Chief Judge of the United States Court of International Trade, sitting by designation.

2173, 124 L.Ed.2d 402 (1993)), we reject Kee's contention that principles of due process required the court to resolve the dispute despite its lack of materiality to the court's calculation of sentence. Kee's contention that the presence of such assertions in his PSR will affect his conditions of confinement is a matter more properly taken up with prison officials.

However, whether the court makes findings resolving such a dispute or instead determines that such findings are unnecessary because the disputed matter will not affect sentencing, Rule 32 provides that "[a] written record of these findings and determinations must be appended to any copy of the presentence report made available to the Bureau of Prisons." Fed. R.Crim.P. 32(c)(1). In the present case, this was not done. We therefore remand for compliance with this aspect of Rule 32.

■ In his *pro se* brief, Kee contends that he received ineffective assistance of counsel. This claim is based on his assertion that his attorney coerced him to plead guilty by exploiting his fear of receiving the death penalty. We find no basis for reversal. At his initial plea allocution, Kee stated both that he was satisfied with the representation he received from his attorneys and that no one had made any promises or taken any action to induce him to sign his plea agreement. After Kee subsequently wrote to the district court asserting that his guilty plea had been coerced by one of his attorneys through exploitation of Kee's fear of receiving the death penalty, the court held a hearing to reassess the voluntariness of the plea. The court noted that the issue "of most concern" was "whether or not the defendant's plea allocution was a[n] honest allocution, [or] whether there is any falsity in it or anything to suggest it wasn't voluntarily entered." At the hearing, the court asked Kee directly whether he stood by his original allocution or whether his attorney had asked him to lie. Kee stated under oath that he had been truthful in his allocution; he stated that he had used the word "lie" in his letters to the court because of the inclusion of the disputed kidnaping-and-rape allegations in the PSR. The record thus does not support Kee's claim of ineffective assistance of counsel.

We have considered all of Kee's challenges to his conviction and his sentence and have found them to be without merit. The judgment of the district court is affirmed.

For the reasons stated above, the matter is remanded for the district court to attach a copy of the sentencing transcript to the presentence report.