**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jerome WASHINGTON, Defendant–
Appellant.**

**No. 02–2522.**

United States Court of Appeals,
Sixth Circuit.

Dec. 5, 2003.

Barbara L. McQuade, U.S. Attorney's Office, Detroit, MI, for Plaintiff–Appellee.

Douglas R. Mullkoff, Ann Arbor, MI, for Defendant–Appellant.

Before KENNEDY, MARTIN, and MOORE, Circuit Judges.

## ORDER

Jerome Washington, represented by counsel, appeals his judgment of conviction and sentence. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In September 2002, Washington pleaded guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a), pursuant to a Rule 11 plea agreement that included an appeal waiver; a second count was dismissed. Subsequently, Washington objected to information in the presentence investigation report (PSI) which indicated that, prior to each of the two bank robberies, an individual placed calls to "911" warning of nearby bombs. The court noted the objections, but declined to remove the information because the information would not affect "the guidelines" or "the sentencing." The court sentenced Washington to 74 months of imprisonment.

Washington has filed a timely appeal, essentially arguing that he is entitled to have the case remanded to the district court because the trial judge failed to make findings of fact on disputed information contained in the PSI. He also argues that his plea agreement does not prohibit an appeal of the district court's ruling on his objections.

Upon review, we conclude that Washington is not entitled to relief because he voluntarily waived his right to appeal his conviction and sentence. An appeal waiver provision in a plea agreement is binding as long as it was knowingly and voluntarily made. *United States v. Fleming*, 239 F.3d 761, 763–64 (6th Cir.2001); *Hunter v. United States*, 160 F.3d 1109, 1113 (6th Cir.1998); *United States v. Bazzi*, 94 F.3d 1025, 1028 (6th Cir.1996). Pursuant to the terms of the plea agreement, Washington specifically agreed to waive "any right he may have to appeal his conviction or sentence . . . ," if the court imposed a sentence equal to or less than 78 months. In his appellate brief, Washington's counsel acknowledges that the court sentenced Washington within the guidelines, and that Washington has waived his right to appeal his conviction or sentence. However, he maintains that the plea agreement does not prohibit Washington from appealing the district court's failure to strictly comply with Fed.R.Crim.P. 32. This argument is specious as the district court's ruling on Washington's objections were clearly part of the sentencing phase of this case. Washington clearly waived any right to appeal his sentence, which includes issues relating to the court's compliance with Rule 32 in fashioning his sentence.

Accordingly, we affirm the judgment of conviction and sentence.