09-0576-cr
USA v. Arevalo (Vigil)

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

_____

August Term, 2010

(Submitted:  November 17, 2010          Decided:  December 21, 2010)

Docket No. 09-0576-cr

_____

UNITED STATES OF AMERICA,

*Appellee*,

—v.—

JOSE LOPEZ AREVALO, also known as PAYASO, JAVIER IRHETA, also known as JUAN CAMPOS, also known as SPEEDY, HECTOR PORTILLO, also known as CHUCKY, also known as ANGEL, LUIS BONILLA, also known as CHOFRE, LUIS VALLE BLANCO, also known as ANVIL, FRANCISCO VALLE BLANCO, also known as WARDEN HUNTER, also known as SILENT, NELSON MAURICIO PORTILLO ALAS, also known as SNACK, WILMER VINDELL BETANCO, also known as DAFFY, also known as NICA, VICTOR MEJIA,

*Defendants*,

MANUEL VIGIL, also known as JUNIOR,

*Defendant-Appellant*.

_____

Before: JACOBS, *Chief Judge*, KEARSE and STRAUB, *Circuit Judges*.

_____

Defendant-Appellant Manuel Vigil appeals from a judgment of the United States District

Court for the Eastern District of New York (Sterling Johnson, Jr., *Judge*) convicting him of

conspiracy to commit murder in aid of racketeering and of using a firearm during a crime of

violence. The government argues that Vigil's appeal should be dismissed in light of his waiver of the right to appeal his sentence. Because we conclude that Vigil's waiver of the right to appeal precludes his claim of Federal Rule of Criminal Procedure 32 error and his claim based on the absence of a Spanish interpreter during a portion of his sentencing proceeding, we dismiss the appeal.

_____

JASON A. JONES, Assistant United States Attorney (Susan Corkery, Assistant United States Attorney, *on the brief*), *for* Loretta E. Lynch, United States Attorney, Eastern District of New York, Brooklyn, NY, *for Appellee*.

LAURIE S. HERSHEY, Manhasset, NY, *for Defendant-Appellant*.

_____

STRAUB, *Circuit Judge*:

Defendant-Appellant Manuel Vigil appeals from a judgment of the United States District Court for the Eastern District of New York (Sterling Johnson, Jr., *Judge*) convicting him, following a guilty plea, of conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5), and of using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i). The government argues that Vigil's appeal should be dismissed on the ground that Vigil's waiver of the right to appeal his sentence forecloses his claims on appeal. Because we conclude that Vigil's claim of Federal Rule of Criminal Procedure 32 error and his claim based on the absence of a Spanish interpreter during a portion of his sentencing proceeding are foreclosed by Vigil's appeal waiver, we dismiss the appeal.

2

**BACKGROUND**

On March 14, 2008, Manuel Vigil was charged in a superseding indictment that alleged that Vigil, as a member of La Mara Salvatrucha, a gang also known as "MS-13," conspired to murder unspecified members of the Bloods gang. The indictment also charged two of Vigil's co-defendants, who were also alleged MS-13 members, with murdering Pashad Gray, a member of the Bloods gang, on or about December 24, 2006.

Vigil entered into a plea agreement with the government on May 8, 2008. The agreement stated that Vigil would plead guilty to counts seven and eight of the superseding indictment, which charged Vigil with conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5), and with using a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i). The agreement included an appeal-waiver provision that provided that Vigil "agrees not to file an appeal or otherwise challenge . . . the conviction or sentence in the event that the Court imposes a term of imprisonment of 195 months or below."

On May 8, 2008, Vigil pleaded guilty to counts seven and eight of the superseding indictment before a magistrate judge in the District Court. A Spanish interpreter was present for the entirety of the plea proceeding. Using the interpreter, Vigil confirmed that the plea agreement had been translated into Spanish and that he had carefully reviewed the agreement with his lawyer before signing it. Vigil also stated that he understood that he was waiving his right to appeal any sentence of 195 months' incarceration or below. During his plea allocution, Vigil testified that the factual basis for his guilty plea was that, sometime in the summer of 2006, he rode in a car with other MS-13 members, one of whom Vigil knew was carrying a gun, while

3

looking for a member of the Bloods gang to kill. Vigil did not admit to actually killing a member of the Bloods gang, nor to killing Pashad Gray.

Vigil's presentence report, prepared on October 24, 2008, calculated Vigil's Federal Sentencing Guidelines range as 240 months. The report stated that Vigil fired a weapon during the conspiracy in question and that he also should be held accountable for the murder of Pashad Gray. Both Vigil and the government objected to the presentence report's Guidelines-range calculation. By letter dated February 4, 2009, the government informed the Court that the presentence report was "factually incorrect" because the government had no evidence either that Vigil, or anyone else, fired a weapon during the charged conspiracy, or that Vigil was in any way involved in Pashad Gray's murder. Accordingly, the government informed the Court that the government and Vigil agreed that the proper total Guidelines range was 157 to 181 months' incarceration.

Vigil was sentenced by the District Court on February 5, 2009. At the beginning of the sentencing proceeding, no Spanish interpreter was present. During this portion of the proceeding, the government again informed the District Court that both the government and Vigil disagreed with the presentence report's Guidelines-range calculation. The Court responded: "Okay. All right." The Court then discussed the proper Guidelines range with the parties and briefly discussed whether Vigil was seeking a below-Guidelines sentence. The Court then asked Vigil if he had read the presentence report and if he was ready for sentencing. Vigil responded "[y]es" to both questions, without the aid of an interpreter. At that point, Vigil's counsel told the Court that he believed that Vigil had used a Spanish interpreter in the past and stated that: "I

4

think it might be a little bit better under the circumstances, this is a contested situation, it might be best if we had an interpreter." The District Court then paused the proceedings until a Spanish interpreter was present. After resuming, the Court repeated its two questions with the aid of the interpreter and ultimately sentenced Vigil to a total of 157 months' incarceration. The District Court made no determinations or findings of fact concerning the disputed portions of the presentence report and did not append any determinations to the presentence report, as required by Rule 32(i)(3)(B) and (C).

Vigil filed a pro se notice of appeal on February 10, 2009. On March 9, 2009, the government moved to dismiss Vigil's appeal in light of the appeal waiver contained in Vigil's plea agreement. In response, Vigil's trial counsel sought to be relieved by filing a brief purportedly in accordance with *United States v. Gomez-Perez*, 215 F.3d 315 (2d Cir. 2000), and *Anders v. California*, 386 U.S. 738 (1967), but we deemed that brief deficient. After Vigil's counsel failed to comply with our subsequent orders to cure the flawed *Anders* brief, we directed the Clerk to appoint new appellate counsel. We also denied the government's motion to dismiss without prejudice to renewal upon the appointment of new counsel. Vigil's new appellate counsel then filed a brief on appeal asking that the case be remanded either for resentencing or for the issuance of a new or amended presentence report.

On appeal, Vigil argues that the District Court violated Rule 32(i)(3) by not making a determination on the disputed portions of the presentence report. Further, he argues that his claim of Rule 32 error should not be foreclosed by his waiver of the right to appeal. Vigil also argues that he is entitled to resentencing because there was no Spanish interpreter present at the

5

beginning of his sentencing proceeding. In response, the government argues that Vigil's appeal should be dismissed in light of Vigil's appeal waiver, or alternatively, that the District Court's judgment should be affirmed. Because we conclude that Vigil's appeal waiver forecloses his claim of Rule 32 error and his claim regarding the absence of a Spanish interpreter, we dismiss the appeal.

## DISCUSSION

### I

Rule 32(i)(3) of the Federal Rules of Criminal Procedure provides that

> [a]t sentencing, the court:
> . . . .
> (B) must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing; and
> (C) must append a copy of the court's determinations under this rule to any copy of the presentence report made available to the Bureau of Prisons.

Generally, if a district court fails to strictly comply with Rule 32's requirements, the case must be remanded and resentencing may be required. *See, e.g.*, *United States v. Williamsburg Check Cashing Corp.*, 905 F.2d 25, 29 (2d Cir. 1990); *United States v. Bradley*, 812 F.2d 774, 782 (2d Cir.), *cert. denied*, 484 U.S. 832 (1987).

In this case, the government does not contend that the District Court complied with Rule 32(i)(3) with regard to the disputed portions of the presentence report. Rather, the government argues that Vigil's appeal based on the alleged Rule 32 error is foreclosed by the appeal-waiver

6

provision in Vigil's plea agreement. Vigil responds that his appeal waiver only prevents him from attacking the merits or length of his sentence, not from raising a claim that the District Court committed an error in violation of Rule 32(i)(3). Alternatively, Vigil argues that the alleged errors contained in the presentence report will negatively affect the terms of his imprisonment and, therefore, the District Court's procedure constituted a violation of his due process rights. As a result, Vigil argues that we should at least remand this case for the limited purpose of the issuance of a new or amended presentence report.

We have not yet decided whether a defendant's waiver of the right to appeal a sentence includes a waiver of the right to appeal alleged Rule 32 errors. There are very few published decisions from our sister circuits addressing the issue. In *United States v. Petty*, 80 F.3d 1384, 1387–89 (9th Cir. 1996), the Court of Appeals for the Ninth Circuit held that the defendant's appeal waiver did not preclude his claim that he and his counsel did not have enough time to review his presentence report before sentencing, in violation of the predecessor to Rule 32(i)(1)(A). On the other hand, at least two courts of appeals for other circuits have found it sufficiently obvious that appeal waivers do apply to Rule 32 errors to dispose of cases that raised the issue by unpublished opinions.

The Court of Appeals for the Sixth Circuit was faced with a similar claim to the one raised here in *United States v. Washington*, 83 F. App'x 110, 111 (6th Cir. 2003) (unpublished decision). In that case, the defendant argued that he was entitled to a resentencing because the district court noted the defendant's objections to the presentence report but failed to make findings on the disputed facts or to remove the contested information from the presentence

7

report. The court rejected the defendant's argument that his appeal waiver did not apply to Rule 32 errors, because the defendant's "objections were clearly part of the sentencing phase of [the] case" and he "clearly waived any right to appeal his sentence, which includes issues relating to the [district] court's compliance with Rule 32 in fashioning his sentence." *Id.*; *accord Chaleunsak v. United States*, Nos. 3:07-0416, 3:05-00096, 2008 WL 2697551, at *6 (M.D. Tenn. July 1, 2008). Similarly, the Court of Appeals for the Seventh Circuit suggested in an unpublished decision that a defendant's claim on appeal that the district court violated her rights under Rule 32(e)(2) by scheduling the sentencing hearing only 29 days after she received the presentence report was foreclosed by the defendant's waiver of the right to appeal any sentence within the statutory maximum. *United States v. Moore*, 97 F. App'x 674, 675 (7th Cir. 2004) (unpublished decision); *cf. United States v. Borders*, 243 F. App'x 182, 183–84 (7th Cir. 2007) (unpublished decision) (ruling that claim of Rule 32(h) error was foreclosed by defendant's appeal waiver).

We hold as a matter of first impression that Vigil's waiver of the right to appeal his sentence applies to his claim of Rule 32(i)(3) error on appeal. In this case, Vigil's appeal waiver provides that he "agrees not to file an appeal or otherwise challenge . . . the conviction or sentence in the event that the Court imposes a term of imprisonment of 195 months or below." Vigil's waiver of his right to "challenge . . . [his] . . . sentence" plainly includes a waiver of his right to claim errors arising out of the District Court's crafting of Vigil's sentence. Because the conduct Vigil challenges—the District Court's alleged failure to make findings regarding the disputed portions of the presentence report at sentencing—was clearly part of the sentencing

phase of Vigil's case, Vigil's challenge is within the scope of his appeal waiver and is foreclosed.

To the extent our decision differs from the published decision of the Court of Appeals for the Ninth Circuit in *Petty*, we find that case unpersuasive and inapposite. In that case, the court found that the district court's Rule 32 error was "a substantial violation which arose only after the [appeal waiver] was signed and which could not have been anticipated." *Petty*, 80 F.3d at 1387. The fact that the alleged error in this case occurred after Vigil's appeal waiver was signed does not render Vigil's waiver void. There is no evidence that the parties here intended Vigil's waiver to apply only to events or errors that occurred before it was signed. Moreover, while we find no need to determine whether the alleged error in this case could have been anticipated at the time Vigil signed the plea agreement, we note that claims of Rule 32(i)(3) error such as the one alleged here are hardly rare. *See, e.g.*, *United States v. Kee*, 29 F. App'x 625, 627 (2d Cir.) (summary order) (remanding because of error under the predecessor to Rule 32(i)(3)), *cert. denied*, 537 U.S. 871 (2002); *see also United States v. Williams*, 612 F.3d 500, 515–17 (6th Cir. 2010) (remanding because of Rule 32(i)(3) error); *United States v. Ross*, 502 F.3d 521, 531 (6th Cir. 2007) (same), *cert. denied*, 552 U.S. 1281 (2008).

Vigil argues that even if his claim of Rule 32 error is included within the scope of his appeal waiver, we should nevertheless remand the case for the limited purpose of the issuance of a new or amended presentence report. Vigil claims that the existing presentence report violates his rights under the Due Process Clause of the Fifth Amendment because the disputed portions of the presentence report will negatively impact the terms and conditions of his imprisonment, resulting in the imposition of additional penalties without due process of law. As a result, Vigil

urges us to find his appeal waiver unenforceable, at least for the purposes of a remand for an amended presentence report.

Waivers of the right to appeal a sentence are presumptively enforceable. *United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000). "Knowing and voluntary appellate waivers included in plea agreements must be enforced because, if they are not, the covenant not to appeal becomes meaningless and would cease to have value as a bargaining chip in the hands of defendants." *United States v. Granik*, 386 F.3d 404, 412 (2d Cir. 2004) (internal quotation marks omitted). As a result, we find waivers unenforceable only in very limited situations, "such as when the waiver was not made knowingly, voluntarily, and competently, when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, when the government breached the plea agreement, or when the sentencing court failed to enunciate any rationale for the defendant's sentence." *Gomez-Perez*, 215 F.3d at 319 (internal citations omitted).

We conclude that the alleged error here does not render Vigil's appeal waiver void. There is no question that defendants' interest in the accuracy of presentence reports continues even after sentence is imposed. *See United States v. Ursillo*, 786 F.2d 66, 68–69, 69 n.3 (2d Cir. 1986) (discussing the importance of the presentence report to the Bureau of Prisons). Indeed, this post-sentencing interest motivated the enactment of the predecessor to Rule 32(i)(3) in 1983. The Advisory Committee Notes to the 1983 amendments to Rule 32 point out that if district courts fail to rule on disputed portions of presentence reports, "it is possible that the Bureau [of Prisons] . . . , in the course of reaching a decision on such matters as institution assignment,

eligibility for programs, or computation of salient factors, will place great reliance upon factual assertions in the report which are in fact untrue." That is precisely the harm that Vigil alleges will occur here.

Nevertheless, Vigil provides no basis for his claim that such a harm rises to the level of the deprivation of liberty without due process of law. It is clear that a district court's failure to follow the procedural requirements of Rule 32(i)(3) alone does not give rise to a due process violation. *Cf. United States v. Timmreck*, 441 U.S. 780, 783–84 (1979) (noting that technical violations of the Rules of Criminal Procedure do not give rise to habeas corpus relief); *Poor Thunder v. United States*, 810 F.2d 817, 822 n.5 (8th Cir. 1987); *Johnson v. United States*, 805 F.2d 1284, 1287 (7th Cir. 1986). This is not a case where the defendant was denied due process because he was not given any opportunity to contest the presentence report at his sentencing proceeding. *See United States v. Slevin*, 106 F.3d 1086, 1091 (2d Cir. 1996) (noting that the Due Process Clause requires that the defendant be afforded some opportunity to rebut the government's allegations concerning sentencing disputes). Nor is there any basis for Vigil to claim that the District Court relied on inaccurate information in determining his sentence. *See generally United States v. Tucker*, 404 U.S. 443, 447 (1972). Rather, the Court heard the parties' objection to the alleged misinformation and ultimately agreed with the parties that the lower Guidelines range should apply, albeit without making an explicit determination that the disputed information would not affect sentencing or that the information was inaccurate.

We are aware of no case that has held that the mere existence of inaccurate information in a presentence report, rather than a district court's reliance on such information in sentencing,

11

constitutes a due process violation or is an error sufficient to void an appeal waiver. As noted above, at least one court that has considered whether an appeal waiver is effective in the face of such an alleged error has upheld the waiver in an unpublished opinion. *See Washington*, 83 F. App'x at 111. While Vigil could potentially suffer adverse consequences related to his treatment in prison as a result of the existence of the information in the presentence report, he has not shown, at this stage, that the potential harm rises to the level of a due process violation.[1] Moreover, any potential harm to Vigil is outweighed by the interests underlying the enforceability of appeal waivers. This conclusion is underlined by the ability of the defendant, and arguably the obligation of the government, to bring to the Bureau of Prisons' attention the fact that the government agrees that the disputed information in Vigil's presentence report is inaccurate. Furthermore, to the extent the information in the presentence report causes Vigil problems with the Bureau of Prisons, he can seek to address any issues through the Bureau of Prisons' administrative remedy program. *See* 28 C.F.R. §§ 542.10–.19; *Johnson v. Testman*, 380 F.3d 691, 693 (2d Cir. 2004) (describing the administrative remedy program).[2]

For all of these reasons, we hold that Vigil's claim of Rule 32 error is included within the scope of his waiver of the right to appeal his sentence and that the waiver precludes Vigil's

[1] At least one district court in this Circuit has addressed a similar claim and determined that there was no due process violation. *See*, *Kee v. United States*, Nos. 03 Civ. 9067, 98 Crim. 778, 2004 WL 1542233, at *3 (S.D.N.Y. July 8, 2004) (rejecting defendant's habeas due process claim based on the trial court's failure to rule on disputed portions of the presentence report).

[2] The Court of Appeals for the Seventh Circuit noted in an unpublished decision that a defendant can seek to correct problems caused by an erroneous presentence report through this administrative remedy program. *United States v. White*, 309 F. App'x 38, 40 (7th Cir. 2009) (unpublished decision).

claims on appeal.

## II

In addition to his claim of Rule 32 error, Vigil argues that he is entitled to a remand for resentencing because there was no Spanish interpreter present at the beginning of his sentencing proceeding. This period covered fewer than three pages of substantive discussion in the sentencing transcript. Vigil argues that "he could not understand what was transpiring and could not assist his counsel in any manner" during this time. Vigil argues that the absence of a Spanish interpreter rendered him effectively absent at his sentencing, in violation of Federal Rule of Criminal Procedure 43(a)(3) and the Due Process Clause of the Fifth Amendment. *See generally United States v. Agard*, 77 F.3d 22, 24–25 (2d Cir. 1996) (discussing a defendant's right to be present at sentencing).

This claim is also precluded by Vigil's waiver of the right to appeal. As discussed above, appeal waivers are presumptively enforceable and the exceptions to this rule "occupy a very circumscribed area of our jurisprudence." *Gomez-Perez*, 215 F.3d at 319. None of the exceptions to this rule applies to the claim here. First, Vigil does not argue, nor could he based on the facts of this case, that his waiver of his right to appeal was unknowingly, involuntarily, or incompetently made. There is no question that a Spanish interpreter was present for the entirety of Vigil's plea proceeding, during which Vigil confirmed that his plea agreement was translated into Spanish, that he had reviewed the agreement with his lawyer, and that he understood the appeal-waiver provision.

Second, there was no constitutional violation that could potentially serve as the basis for

13

an exception to Vigil's appeal waiver. The extent to which Vigil required an interpreter in the first instance is not clear. Neither Vigil nor his counsel raised any objection to the fact that no interpreter was present at the beginning of his proceeding. Rather, it was only when Vigil's sentencing colloquy began that Vigil's counsel stated that he thought "it might be a little bit better under the circumstances" to have an interpreter present for the remainder of the sentencing proceeding. Moreover, Vigil listened and responded to two questions from the Court in English, displaying at least some ability to understand and speak the language. Furthermore, Vigil points to no prejudice that resulted from the absence of the interpreter. During the time the interpreter was absent, the District Court only confirmed with counsel for both parties that the Guidelines range should be lower and that Vigil was in fact seeking a below-Guidelines sentence.[3] When the interpreter arrived, the District Court repeated the two questions it had asked Vigil in order to ensure that Vigil had understood. Vigil argues that if an interpreter had been present, he might have asked his lawyer if his presentence report would be amended and, presumably, his lawyer would have sought its amendment. This argument layers speculation upon speculation and is not sufficient to show that any Due Process Clause violation occurred.

For all of these reasons, Vigil's claim based on the absence of a Spanish interpreter is precluded by his appeal waiver.

---

[3] We express no opinion whether, had the interpreter been absent when Vigil's sentence was orally imposed, *see Agard*, 77 F.3d at 24–25, Vigil's appeal would be foreclosed by his appeal waiver.

14

## CONCLUSION

For all of the reasons explained above, we conclude that Vigil's waiver of the right to appeal his sentence forecloses his claim of Rule 32 error and his claim based on the absence of an interpreter at his sentencing proceeding. Therefore, we **DISMISS** the appeal.