10-2231-cr
United States v. Brizard

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of June, two thousand eleven.

PRESENT:
>JON O. NEWMAN,
>ROGER J. MINER,
>GERARD E. LYNCH,
>>*Circuit Judges.*

-------------------------------------------------------------------

UNITED STATES OF AMERICA,
>>*Appellee*,

>v.                                                        No. 10-2231-cr

GUY BRIZARD,
>>*Defendant-Appellant.*

-------------------------------------------------------------------

FOR APPELLANT:          Laurie S. Hershey, Manhasset, New York.

FOR APPELLEE:           Amy N. Ely, Katherine Polk Failla, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (John G. Koeltl, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal is DISMISSED.

Defendant-appellant Guy Brizard appeals from a judgment of conviction entered on June 4, 2010, in the United States District Court for the Southern District of New York (Koeltl, *J.*), following a guilty plea to one count of conspiring to commit identity theft and aggravated identity theft, in violation of 18 U.S.C. § 371; one count of identity theft, in violation of 18 U.S.C. § 1028(a)(7); and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A. We assume the parties' familiarity with the underlying facts, record of prior proceedings, and issues on appeal, which we reference only as necessary to explain our decision.

Brizard's appeal must be dismissed because his plea agreement with the government precludes him from filing "a direct appeal [of] . . . any sentence within or below the Stipulated Guidelines Range[]" of 70 to 81 months' imprisonment. "[W]e have consistently held [such agreements] enforceable," as long as (1) they are "knowing and voluntary," see United States v. Roque, 421 F.3d 118, 121–22 (2d Cir. 2005), (2) "the sentence was [not] imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases," and (3) the district court provided some rationale for the sentence, see United States v. Gomez-Perez, 215 F.3d 315, 319 (2d Cir. 2000). Brizard does not allege that any of those "very limited" exceptions apply to this case, see United States v. Arevalo,

2

628 F.3d 93, 98 (2d Cir. 2010), and therefore his sentence of 70 months' imprisonment, a sentence at the bottom of the Stipulated Guidelines Range, implicates the plea agreement's waiver provision and requires us to dismiss this appeal.

Accordingly, for the foregoing reasons, the appeal is DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court