United States v. Markou

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of March, two thousand twelve.

PRESENT: DENNIS JACOBS,
                          <u>Chief Judge</u>,
          DENNY CHIN,
          SUSAN L. CARNEY,
                          <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
          <u>Appellee</u>,

          -v.-                                          11-94

VICTOR L. LARSEN, JR., JONATHAN DAVIDSON, ANGEL CORDERO, JIMMY ALBRIGHT, AKA SHAWN ALBRIGHT, AKA MARKEY TONE, THEO STRATUS, AKA THEOLOGOS STRATAS,
          <u>Defendants</u>,

JOHN MARKOU, JR.,
          <u>Defendant-Appellant</u>.
- - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**                    Devin McLaughlin, Langrock
                                     Sperry & Wool, LLP, Middlebury,
                                     Vt.

**FOR APPELLEES:**                   Winston M. Paes, Susan Corkery
                                     (on the brief), Assistant United
                                     States Attorneys, for Loretta E.
                                     Lynch, United States Attorney
                                     for the Eastern District of New
                                     York, Brooklyn, N.Y.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Dearie, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the appeal is **DISMISSED**.

John Markou appeals from a judgment of conviction of one count of Hobbs Act robbery, see 18 U.S.C. § 1951(a), and one count of use of a firearm in furtherance of that robbery, see 18 U.S.C. § 924(c)(1)(A)(ii). In his plea agreement, Markou waived the right to appeal his conviction or sentence unless the sentence exceeded 365 months. The court sentenced him to 204 months' imprisonment. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

During the plea colloquy, the court incorrectly recited that Markou waived his right to appeal in the event that it imposed a term of 365 months or *more*. However, "invalidation of a waiver of appeal [is not required] in every case where the sentencing court's explanation of the waiver is not completely correct." United States v. Chen, 127 F.3d 286, 289 (2d Cir. 1997). Invalidation is unnecessary when "'the record clearly demonstrates that the waiver was both knowing (in the sense that the defendant fully understood the potential consequences of his waiver) and voluntary.'" Id. at 289-90 (quoting United States v. Ready, 82 F.3d 551, 557 (2d Cir. 1996) (internal quotation marks omitted)); see also United States v. Arevalo, 628 F.3d 93, 98 (2d Cir. 2010) ("[W]e find waivers unenforceable only in very limited situations, such as when the waiver was not made knowingly, voluntarily, and competently . . . .") (internal quotation marks omitted). We infer that Markou understood the appeals waiver provision based on his

2

statement that he had attended some college; his statements that he read the plea agreement carefully, understood it, and discussed it with counsel; and the fact that the court advised him of his right to appeal a sentence above 365 months, which Markou said he understood. <u>Cf.</u> <u>Chen</u>, 127 F.3d at 290 ("In the absence of some affirmative evidence from which appellant's knowledge and understanding of the waiver provision could reasonably be inferred . . . the magistrate judge's error rendered the waiver ineffective.").

For the foregoing reasons, we conclude the appeal waiver is valid. Accordingly, the appeal is **DISMISSED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK