12-0606-cr
*United States v. Toribio*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of March, two thousand thirteen.

PRESENT: JOHN M. WALKER, JR.,
         ROBERT D. SACK,
         RICHARD C. WESLEY,

                    *Circuit Judges.*

────────────────────────────────────

UNITED STATES OF AMERICA,

                    *Appellee,*

        -v.-                                12-0606-cr

MARCELINO FERNANDEZ, AKA CHULIN,
CHRISTIAN CASTILLO, CARLOS MARTINEZ,
SUSANA RIVERA, ARTHUR CLARK, LUIS
BRITO-REINOSO, JAVIER CASTILLO,
ALEX FERNANDEZ, LARRY SCISSON,
DARNELL COFFMAN, ONDRAY DONALDSON,
FRANCISCO SANTIAGO, CHRISTOPHER HOFFMAN,
GAMALIEL LINARES, JUSTIN JOHNS,

                    *Defendants,*

GENESIS TORIBIO,

                    *Defendant-Appellant.*

────────────────────────────────────

FOR APPELLANT:       Angelo Musitano, Niagara Falls, NY.

FOR APPELLEE:        Stephan J. Baczynski, Assistant United
                     States Attorney, *for* William J. Hochul,
                     Jr., United States Attorney for the
                     Western District of New York, Buffalo,
                     NY.

Appeal from the United States District Court for the Western District of New York (Skretny, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the appeal be **DISMISSED**. Defendant-Appellant Genesis Toribio ("Toribio") entered into a plea agreement whereby he promised not to appeal a sentence within a 87-108 month range. The district court sentenced him to 63 months imprisonment and, despite his promise, he now appeals. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Toribio asserts that we should remand for re-sentencing because the government breached the material terms of the plea agreement. In relevant part, the plea agreement provides:

> Upon condition that the defendant has fully complied with all terms and conditions of this agreement, should the government determine that the defendant has provided substantial assistance in the investigation or prosecution of other persons who have

committed offenses, the government will move the Court at sentencing to depart downward from the Guidelines as provided for in Guidelines § 5K1.1 and/or the imposition of a sentence below a mandatory minimum term of imprisonment pursuant to Title 18, United States Code, Section 3553(e). The defendant understands that the decision to make such a motion is within the sole discretion of the government and that the decision to grant such a motion, and the extent of any downward departure, are matters solely within the discretion of the Court.

Joint App'x 54-55.

Consistent with that provision, on November 4, 2011, the government moved the court to reduce Toribio's sentence pursuant to U.S.S.G. § 5K1.1 and requested a two-level reduction in Toribio's offense level. As he was entitled, Toribio responded that the two-point reduction was insufficient, and the government submitted a response urging the court accept its recommendation of a two-level reduction. At sentencing, the district court decided to give Toribio a three-level reduction, one level more than the government had recommended.

Here, Toribio maintains that the government did not reserve the right to make a recommendation regarding the

magnitude of the appropriate downward departure.[1] By recommending the two-level reduction and subsequently submitting a response to his motion requesting more than a two level reduction, he thinks the government breached the plea agreement by somehow taking the matter out of the sole discretion of the district court.

"To determine whether a plea agreement has been breached, we look[] to the reasonable understanding of the parties as to the terms of the agreement" and "any ambiguities in the agreement must be resolved in favor of the defendant." *United States v. Riera*, 298 F.3d 128, 133 (2d Cir. 2002) (internal quotation marks and citations omitted). Toribio's arguments lack merit. The government recommended a two-level reduction, and the district court gave him a three-level reduction. *Ipso facto*, the "extent of any downward departure, [was a] matter[] solely within the discretion of the Court" pursuant to the terms of the agreement. Moreover, the commentary to § 5K1.1 provides that "[s]ubstantial weight should be given to the

---

[1] Toribio maintains in his brief that any "government recommendation should be the starting point of the Court's analysis." Br. at 18. We note the logical inconsistency within Toribio's own brief: he maintains that the government breached the agreement by recommending the two-level downward departure while at the same time acknowledging that the district court should have used the government's recommendation as a "starting point."

4

government's evaluation of the extent of the defendant's assistance . . . ." U.S.S.G. § 5K1.1 n.3. Finally, nothing in the plea agreement suggests that the government agreed to tie its hands in the manner Toribio suggests.

Because the government did not breach the plea agreement and because Toribio does not assert another reason to set aside his appellate waiver, we will not consider his arguments regarding the procedural or substantive reasonableness of his sentence and dismiss his appeal. *See United States v. Arevalo*, 628 F.3d 93, 98 (2d Cir. 2010).

We take this opportunity to advise Mr. Musitano, Toribio's counsel, to refrain from liberally using ellipses to change this Court's previous holdings. Toribio argued that the government was obligated to present evidence of his cooperation in the light most favorable to him. In brief, he represents that we have "held that 'the government in making a §5K1.1 motion . . . [is] expected to describe that assistance in the light most favorable to <u>the defendant</u>.'" Toribio Br. at 17 (quoting *United States v. Gangi*, 45 F.3d 28 (2d Cir. 1995)). Turning to that case, we only noted that "[w]hile the government in making a § 5K1.1 motion is effectively rewarding the defendant for his assistance and

5

might be expected to describe that assistance in the light most favorable to the defendant, the defendant may well view the government's description as not fully conveying the compelling nature of his cooperation." *Gangi*, 24 F.3d at 31. Mr. Musitano used his editorial license to misrepresent our previous holding; he should refrain from doing so in the future.[2]

We have considered all of Toribio's arguments on appeal and find them to be without merit. For the foregoing reasons, the appeal is **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] The New York Rules of Professional Conduct prohibit lawyers from knowingly "mak[ing] a false statement of . . . law to a tribunal" and impose the affirmative obligation to "correct false statement[s]" previously made. N.Y. Rules of Prof'l Conduct R. 3.3(a)(1); *see also* Model Rules of Prof'l Conduct R. 3.3(a)(1),(2).