13-3637-cr
*United States v. Krepps*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of January, two thousand fifteen.

Present:
        PETER W. HALL,
        GERARD E. LYNCH,
        SUSAN L. CARNEY,
                *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                *Appellee*,

        v.                                                          No. 13-3637-cr

CYLE KREPPS, AKA BLACK, AKA TRICK, AKA DURELL, AKA DRED,

                *Defendant–Appellant*.

_____

For Appellant:              Ryan Thomas Truskoski, Ryan Thomas Truskoski, P.A.,
                            Harwinton, Connecticut.

For Appellee:               Monica J. Richards, Assistant United States Attorney, *for* William
                            J. Hochul, JR., United States Attorney, Buffalo, New York.

_____

Appeal from a judgment of the United States District Court for the Western District of New York (Geraci, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED**, **ADJUDGED**, **AND DECREED** that this appeal is **DISMISSED**.

Pursuant to a plea agreement, Defendant-Appellant Cyle Krepps ("Krepps") was convicted in the United States District Court for the Western District of New York of (1) conspiracy to possess with intent to distribute two hundred eighty grams or more of cocaine base, and (2) possession of a firearm in furtherance of a drug trafficking crime. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

In the plea agreement, the parties confirmed that that the aggregated sentencing range was 181 to 210 months and agreed to a 196-month sentence pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. The plea agreement also contained an appeal waiver provision which provided that Krepps "knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth [herein], notwithstanding the manner in which the Court determines the sentence." J.A. 27. At his change of plea hearing, Krepps acknowledged that he understood the appeal waiver. After finding that Krepps was fully competent and capable of entering a knowing and voluntary plea, the court accepted his guilty plea. The court ultimately imposed the agreed-upon 196-month sentence.

Notwithstanding the waiver, Krepps appeals claiming that the district court violated Rule 32(i)(3)(B) of the Federal Rules of Criminal Procedure by failing to address a concern defense counsel raised at sentencing regarding the inclusion of certain information in Krepps's

2

presence report.[1] We need look no further than our ruling in *United States v. Arevalo*, 628 F.3d 93 (2d Cir. 2010), to determine that the appeal waiver precludes Krepps's claim. *Arevalo* involved an analogous appeal waiver which provided that the defendant "agrees not to file an appeal or otherwise challenge . . . the conviction or sentence in the event that the Court imposes a term of imprisonment of 195 months or below." 628 F.3d at 97 (alteration in original). The defendant in that case appealed his 157-mont sentence, arguing that the district court violated Rule 32(i)(3) by failing to rule on disputed portions of the presence report. We held that the waiver applied to and precluded defendant's "claim of Rule 32(i)(3) error" and dismissed the appeal. *Id.*

We conclude, therefore, under the rationale of *Arevalo*, Krepps's Rule 32(i)(3) claim is precluded by his appeal waiver. We have considered Krepps's remaining arguments and find them to be without merit.  The appeal is **DISMISSED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[1]     Krepps did not object to any particular portion of the presence report, either prior to or at sentencing, and attorney below did not "request" or "explicitly ask[]" the court to remove information from the presence report as he now claims, Appellant's Br. 6. Counsel below aptly characterized the statement that forms the basis of this appeal as a mere expression of general "concern," J.A. 54. Moreover, when the district court declined to address that concern, Krepps did not argue, as he now does, that the district court was required to act by Rule 32(i)(3).