16-2877-cr
*U.S. v. Greene*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of June, two thousand seventeen.

PRESENT:    JON O. NEWMAN,
            JOSÉ A. CABRANES,
            GERARD E. LYNCH,
                        *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                *Appellee,*

                v.                                          16-2877-cr

GREGORY GREENE,

                *Defendant-Appellant.*

_____

**FOR APPELLEE:**                    Amy Busa and Peter Baldwin, Assistant
                                     United States Attorneys, *for* Robert L.
                                     Capers, United States Attorney for the
                                     Eastern District of New York, Brooklyn,
                                     NY.

**FOR DEFENDANT-APPELLANT:**         Anthony Ricco, New York, NY.

        Appeal from a judgment of the United States District Court for the Eastern District of New York (Carol Bagley Amon, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Greene's appeal is **DISMISSED**.

Defendant-appellant Gregory Greene appeals from an August 18, 2016 judgment of conviction entered by the District Court, sentencing him to concurrent terms of 66 months' and 60 months' imprisonment. Greene contends that his sentence is substantively unreasonable because the District Court failed to account for factors in his individual background and history that influenced his upbringing. The government argues that, because Greene knowingly and voluntarily signed a valid and enforceable appellate waiver as part of his written plea agreement, he has waived his right to appeal his sentence. We agree.

In paragraph four of his plea agreement, Greene agreed not to file an appeal challenging his sentence "in the event that the Court imposes a term of imprisonment of 97 months or below." A 57. The District Court sentenced Greene to concurrent terms of 66 months' and 60 months' imprisonment, a sentence well below the 97-month term set forth in Greene's plea agreement. Because "a defendant's knowing and voluntary waiver of his right to appeal a sentence within an agreed-upon Guidelines range is enforceable," *United States v. Johnson*, 347 F.3d 412, 414 (2d Cir. 2003), and because none of the limited exceptions to the enforcement of waivers is applicable here, *see United States v. Arevalo*, 628 F.3d 93, 98 (2d Cir. 2010) (explaining that courts will "find waivers unenforceable only in very limited situations"), we conclude that Greene waived his right to appeal his sentence.

## CONCLUSION

We have considered all of the arguments raised by Greene on appeal and find them to be without merit. For the foregoing reasons, Greene's appeal is hereby **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2