20-4294-cr
United States v. Chaney

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of June, two thousand twenty-two.

PRESENT:  ROSEMARY S. POOLER,
RAYMOND J. LOHIER, JR.,
WILLIAM J. NARDINI,
*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                    No. 20-4294-cr

TAIRE CHANEY,

*Defendant-Appellant*.

------------------------------------------------------------------

FOR DEFENDANT-APPELLANT: SARAH KUNSTLER, Law Office of Sarah Kunstler, Brooklyn, NY

FOR APPELLEE: TIFFANY H. LEE, Assistant United States Attorney, *for* Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, NY

Appeal from a judgment of the United States District Court for the Western District of New York (William M. Skretny, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED in part and DISMISSED in part.

Taire Chaney appeals from a December 17, 2020 judgment of conviction entered by the United States District Court for the Western District of New York (Skretny, J.). After pleading guilty in August 2020 to a narcotics conspiracy in violation of 21 U.S.C. § 846, Chaney was sentenced in December 2020 principally to 240 months' imprisonment to run consecutively to his undischarged state term of imprisonment for a prior first-degree manslaughter offense. Chaney's plea and sentencing hearings were held remotely via videoconference due to the

COVID-19 pandemic.  We assume the parties' familiarity with the underlying facts and record of prior proceedings, to which we refer only as necessary to explain our decision.

**I.  Remote felony plea and sentencing hearings**

On appeal, Chaney argues that the District Court's decision to proceed with his plea and sentencing hearings by videoconference violated his constitutional right to due process.  The CARES Act of 2020, enacted in the wake of the COVID-19 pandemic, specifically provides, as relevant here, that a felony "plea or sentencing . . . may be conducted by video teleconference" with proper authorization,[1] if the defendant consents after consulting with counsel.  Pub. L. No. 116-136, § 15002(b)(2)(A), (4), 134 Stat. 281, 528–29 (2020).  The district judge must "find[] for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice."  Id.  Although Chaney argues that the District Court never made any individualized findings, he did not object to its interests-of-justice finding or to proceeding by

---

[1] There is no dispute that the authorizations required under § 15002(b)(2)(A) of the CARES Act were in place at all relevant times.

videoconference at his plea or sentencing. We therefore review his challenge for plain error, which exists if "there was an error that is clear or obvious, . . . the error affected his substantial rights, . . . and the error seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Hicks, 5 F.4th 270, 278 (2d Cir. 2021) (quotation marks omitted). We reject Chaney's argument that his physical absence should be deemed a structural error that would satisfy the third prong of plain error review as to his "substantial rights." See United States v. Leroux, 36 F.4th 115, 121 (2d Cir. 2022) (reviewing for plain error an objection to proceeding by videoconference for sentencing); United States v. Salim, 690 F.3d 115, 124 (2d Cir. 2012).

After examining the record as a whole, including the District Court's subsequent "articulation of more specific reasons for" its interests-of-justice finding, Leroux, 36 F.4th at 123, we find no clear or obvious error, and certainly no error that seriously affects Chaney's substantial rights such as to warrant reversal under the plain error standard. The District Court entered two orders on August 18 and December 16, 2020, articulating its interests-of-justice findings for Chaney's plea and sentencing, respectively. Moreover, at the sentencing

4

hearing, the District Court explicitly found that further delay would harm the interests of justice, citing Chaney's "interest in finality," "the public's interest in imposing timely and just punishment for this very serious offense," and the interest in deterrence. App'x 141. This specific finding that a delay would seriously harm the interests of justice "satisfies the requirements of § 15002(b)(2)(A)." Leroux, 36 F.4th at 123. We conclude that Chaney has not shown that the District Court's explanation in support of its interests-of-justice finding constituted plain error.

Next, Chaney argues that his consent to proceed remotely by videoconference was not knowing and voluntary because the District Court stated that it was unwilling to adjourn sentencing and did not give him an opportunity to consult counsel before consenting. But the record gives us no reason to doubt that Chaney's consent was knowing and voluntary. At the plea and sentencing hearings, the District Court informed Chaney he had the right to decide whether to proceed remotely, and Chaney confirmed that his consent was voluntary. App'x 57–59, 138–40. Chaney consulted his counsel before the plea hearing began, App'x 50, and he was offered additional time to consult counsel

about proceeding remotely, App'x 59. Chaney's counsel explained that he knew of no reason that the District Court should reject Chaney's waiver. Moreover, there is nothing in the record to suggest that Chaney or counsel wished to adjourn the sentencing but were dissuaded from doing so by the District Court. In fact, the District Court left the door open to a further adjournment but stated that it would result in further delay.

We are also unpersuaded by Chaney's argument, which he likewise makes for the first time on appeal, that proceeding by videoconference under the CARES Act violated his right to effective assistance of counsel by making it more difficult to communicate with counsel. The District Court permitted open, confidential communication between Chaney and his counsel by providing a "breakout room" on the Zoom videoconferencing platform upon request, and Chaney agreed that this system was "[f]air enough." App'x 51, 132–33. Both before and during the plea hearing, Chaney actually exercised his right to consult with counsel. App'x 50, 59. At sentencing, Chaney confirmed that he understood that he had "the right to consult with [his] attorneys . . . if [he] hear[d] things that [he didn't] like from [the court]." App'x 139. The added

6

hurdle of having to request a Zoom breakout room did not render counsel "effectively unavailable." Def. Reply Br. 9. Videoconferencing merely affected the format of Chaney's communication with counsel, which Chaney consented to use. Any practical impediment to communication posed by that format was "so trivial that [it] [did] not amount to a constitutional violation." United States v. Triumph Cap. Grp., Inc., 487 F.3d 124, 129 (2d Cir. 2007).

**II.     Procedural and Substantive Reasonableness**

Chaney next challenges the procedural and substantive reasonableness of his sentence because the District Court ordered that the term of 240 months' imprisonment run consecutively to, rather than concurrently with, his state sentence. Chaney waived his right to raise this challenge on appeal. "Waivers of the right to appeal a sentence are presumptively enforceable . . . [and] we find waivers unenforceable only in very limited situations, such as when the waiver was not made knowingly, voluntarily, and competently." United States v. Arevalo, 628 F.3d 93, 98 (2d Cir. 2010) (quotation marks omitted). Here, Chaney's plea agreement included an appeal waiver stating that Chaney "knowingly waive[d] the right to appeal" a sentence of imprisonment of 240

months or less, "notwithstanding the manner in which the [District] Court determines the sentence" and regardless of whether it was imposed "concurrently, partially concurrently, consecutively or partially consecutively with any undischarged sentence of imprisonment being served by [Chaney]." App'x 42–43.

Chaney first urges us to ignore the appeal waiver because it was the product of a structural error in the plea hearing. Because, as discussed above, there was no structural error, we reject that argument. Chaney further contends that the appeal waiver was not knowing and voluntary because the District Court's instructions regarding his right to appeal were confusing, he lacked access to his attorney to request clarification, and he reasonably believed he had bargained for a concurrent sentence. We disagree. Chaney's attorneys explained that they "reviewed [the plea agreement] thoroughly with Mr. Chaney," App'x 55, and Chaney confirmed that he had sufficient time to consider the plea agreement with his attorneys and had no questions about it, App'x 77–79. During the plea hearing, the District Court explained the appeal waiver, and Chaney confirmed that he understood it. App'x 77. We have no reason to doubt

8

that the appeal waiver was knowing and voluntary. That waiver bars our consideration of the instant challenge to Chaney's sentence on reasonableness grounds.

We have considered Chaney's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED in part and DISMISSED in part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court