*United States of America v. Kimmons*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of June, two thousand twenty-two.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> JOSÉ A. CABRANES,
> MICHAEL H. PARK,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.

OLIVER KIMMONS, AKA OLLIE, AKA ALI,

> *Defendant-Appellant.*

19-4374-cr

---

For Appellee: KATHERINE A. GREGORY, Assistant U.S. Attorney, *for* Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, NY.

For Defendant-Appellant: MARK A. FOTI, The Foti Law Firm, P.C., Rochester, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Vilardo, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

Defendant-Appellant Oliver Kimmons ("Kimmons") appeals from the December 5, 2019 judgment of the United States District Court for the Western District of New York (Vilardo, *J.*), sentencing him to a term of 20 years in prison followed by five years of supervised release. Kimmons pled guilty to one count of sex trafficking by force, fraud, or coercion under 18 U.S.C. § 1591(a) and (b)(1). The offense conduct involved Kimmons supplying heroin to women to get them addicted to the drug, then coercing the women into engaging in commercial sex acts to fund their addictions. At Kimmons' sentencing hearing, the district court permitted Kimmons' former co-defendant, Kathlyn Ventura ("Ventura"), to make a statement before the court about her experience being exploited into drug selling and prostitution by Kimmons, after the court determined that she is a "crime victim" under 18 U.S.C. § 3771(e)(2)(A). *See* 18 U.S.C. § 3771(a)(4) (establishing that a "crime victim" has the "right to be reasonably heard at any public proceeding in the district court involving . . . sentencing"). Kimmons objected prior to Ventura's remarks, asserting that she was not a "victim" of his offense conduct because she was not identified as one of the five particular victims listed in the operative indictment, presentence investigation report, or plea agreement. On appeal, Kimmons argues that the district court procedurally erred in permitting Ventura to make a statement at his sentencing hearing. In addressing this argument, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to **DISMISS** the appeal.

\*　　\*　　\*

2

Kimmons' appeal must be dismissed based on his waiver of the right to appeal. Kimmons' plea agreement contains an appellate waiver provision. That provision states that, although Kimmons has a "limited right to appeal" his sentence under 18 U.S.C. § 3742, he "knowingly waives [that] right to appeal and collaterally attack any component of [his] sentence imposed by the [district court] which falls within or is less than the sentencing range for imprisonment, . . . notwithstanding the manner in which the [district court] determines the sentence." Joint App'x 60. Here, Kimmons' sentence fell within the guidelines range stated in the plea agreement of 210 to 262 months' imprisonment.

"Waivers of the right to appeal a sentence are presumptively enforceable." *United States v. Arevalo*, 628 F.3d 93, 98 (2d Cir. 2010) (citation omitted). "Knowing and voluntary appellate waivers included in plea agreements must be enforced because, if they are not, the covenant not to appeal becomes meaningless and would cease to have value as a bargaining chip in the hands of defendants." *Id.* (quoting *United States v. Granik*, 386 F.3d 404, 412 (2d Cir. 2004)). We thus find appellate waivers unenforceable "only in very limited situations, 'such as when the waiver was not made knowingly, voluntarily, and competently, when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, when the government breached the plea agreement, or when the sentencing court failed to enunciate any rationale for the defendant's sentence.'" *Id.* (quoting *United States v. Gomez–Perez*, 215 F.3d 315, 319 (2d Cir. 2000)); *see United States v. Garigen*, No. 21-112, 2022 WL 258568, at *1 (2d Cir. Jan. 28, 2022) (summary order). Kimmons does not challenge the validity of his appellate waiver on any of the above prescribed grounds, *see Arevalo*, 628 F.3d at 98, and his appellate waiver is thus enforceable, barring the instant claim, *see Garigen*, 2022 WL 258568, at *1.

But even if we were to ignore Kimmons' appellate waiver (contrary to our precedent) we

3

would nevertheless reject Kimmons' argument that the supposed procedural error to which he points entitles him to any relief. Assuming *arguendo* that Ventura does not qualify as a statutory "crime victim" of Kimmons' sex trafficking conviction, *see* 18 U.S.C. § 3771(e)(2)(A), the district court did not abuse its discretion or otherwise err in permitting her to make a statement during the sentencing hearing. Even where a speaker "[does] not qualify as a statutory 'victim,'" Congress "has not placed arbitrary limits on what information a district court may consider at sentencing." *United States v. Smith*, 967 F.3d 198, 215 (2d Cir. 2020). Indeed, district courts have "broad discretion both as to the type of information they may consider in imposing sentence and the source from which that information derives." *Id.* at 216 (quoting *United States v. Messina*, 806 F.3d 55, 65 (2d Cir. 2015)). Whether Kimmons' rights were violated during sentencing thus largely hinges on whether he had a "fair opportunity to respond" to Ventura's statement. *Id.* And there is nothing in the record suggesting that Kimmons did not have such an opportunity. *See* Joint App'x 83 (stating that the district court would "entertain a motion . . . to adjourn briefly . . . to give [Kimmons] an opportunity to respond" to Ventura); Joint App'x 114 (indicating after Ventura's statement that Kimmons was "ready to proceed" to sentencing).

* * *

We have considered Kimmons' remaining arguments and find them to be without merit. Accordingly, the appeal is **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court