14-820-cr
*United States v. Stevens*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of October, two thousand sixteen.

PRESENT:   RALPH K. WINTER,
           DENNY CHIN,
           CHRISTOPHER R. DRONEY,
                *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                *Appellee,*

           v.                                          14-820-cr

TROY D. STEVENS, JR.,
                *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                    MARTIN E. COFFEY, Assistant United States Attorney (Peter A. Norling, Assistant United States Attorney, *on the brief*), *for* Robert L. Capers, United States Attorney, Eastern District of New York, Brooklyn, New York.

FOR DEFENDANT-APPELLANT:          STEVEN Y. YUROWITZ, New York, New York.

Appeal from the United States District Court for the Eastern District of New York (Irizarry, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED** in part and the case is **REMANDED** for further proceedings consistent with this order.

Defendant-appellant Troy D. Stevens, Jr., appeals the district court's judgment entered March 5, 2014 to the extent it sentenced him to 63 months' imprisonment for bank fraud under 18 U.S.C. § 1344 and ordered him to pay restitution to his former partnership, Kinpit Associates ("Kinpit"), under the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A.[1] We hold that Stevens waived his right to appeal his prison sentence, and accordingly affirm that portion of his sentence. As to the district court's restitution order as to Kinpit, we remand the case for the district court to conduct a hearing to answer certain factual questions. We assume the parties' familiarity with the facts and the issues on appeal.

Stevens was the general partner of Kinpit, a limited partnership formed to own and operate apartment buildings in New York City. Between July 7, 2000 and May

---

[1] Stevens was also convicted of aiding and assisting in the preparation of a false income tax return under 26 U.S.C. § 7206(2) and was sentenced to 12 months' imprisonment and ordered to pay $377,141.00 in restitution to the Internal Revenue Service. Stevens has not appealed this conviction and sentence.

16, 2003, without knowledge or approval of the limited partners, Stevens fraudulently obtained loans and mortgages for Kinpit using a forged partnership agreement and consent form.[2] Stevens then consolidated the initial four loans into a single $4.6 million loan issued by North Fork Bank and later acquired by Capital One Bank NA (the "Capital One loan") and pledged Kinpit's buildings as collateral.[3] In 2005, Kinpit's limited partners filed suit against Stevens for breach of contract, breach of fiduciary duties, misuse of partnership assets, and fraud. *See Garber v. Stevens*, No. 601917/05 (N.Y. Sup. Ct. 2005). In October 2012, the parties settled the civil suit as Stevens conveyed his 50% interest in Kinpit to the limited partners in exchange for a release of all claims. On August 22, 2013, Kinpit sold its buildings for $10.35 million. Shortly thereafter, Kinpit paid off the Capital One loan in full.

Stevens was indicted on October 2, 2012, pled guilty on May 28, 2013, and sentenced as set forth above on February 28, 2014.

## I.    *Imprisonment*

In his plea agreement, Stevens waived his right to appeal a sentence that was at or below 87 months' imprisonment. "Waivers of the right to appeal a sentence are presumptively enforceable." *United States v. Riggi*, 649 F.3d 143, 147 (2d Cir. 2011)

---

[2]     Stevens was also charged with fraudulently obtaining a $600,000 loan on May 9, 2005. While he did not plead guilty to this count, the district court considered the $600,000 loan as relevant conduct when determining Stevens's intended loss.

[3]     For convenience, we treat the consolidated loan -- as do the parties -- as having been made by Capital One.

(quoting *United States v. Arevalo*, 628 F.3d 93, 98 (2d Cir. 2010)) (internal quotation marks omitted).  Exceptions to this rule "occupy a very circumscribed area of our jurisprudence." *United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000).  Stevens argues that his plea is invalid because it was not knowing, voluntary, or competent because his counsel erroneously informed him that he was subject to an 18-level loss enhancement under the Sentencing Guidelines when he claims he was not.

On the present record, Stevens has not demonstrated that his plea was not entered knowingly and voluntarily.  Stevens signed the plea agreement, affirming that he entered into its terms knowingly and voluntarily.  Stevens acknowledged at his plea hearing that he had an adequate opportunity to review the plea agreement with his attorney, he understood everything in the plea agreement, and he understood that the estimated guidelines range was 63 to 78 months.  Stevens also stated that he was pleading guilty voluntarily, and the district court was satisfied that Stevens understood the nature of the charges and the consequences of the plea, and that his plea was entered voluntarily.  At sentencing, which occurred over two days on December 2, 2013 and February 28, 2014, Stevens's counsel twice agreed to the sentencing guidelines range.  Stevens is bound by the plea waiver.  To the extent that Stevens argues that his guilty plea was involuntary due to ineffective assistance of counsel, we decline to hear the claim now.  He may raise the issue in a motion for relief pursuant to 28 U.S.C. § 2255.  *See United States v. Gaskin*, 364 F.3d 438, 467-68 (2d Cir. 2004).

**II.    *Restitution***

Stevens argued to the district court, and maintains on appeal, that he owes no restitution to Kinpit because Capital One Bank, the victim of the bank fraud, was made whole when it received payment for the full amount of the Capital One loan from Kinpit after the sale of the property.  Stevens further argues that, to the extent his bank fraud caused any harm to Kinpit, Kinpit agreed to release him from any claims related to the fraudulently obtained mortgage in exchange for Stevens's surrender of his 50% interest in Kinpit.

We review a district court's order of restitution for abuse of discretion. *United States v. Boccagna*, 450 F.3d 107, 113 (2d Cir. 2006).  "To identify such abuse, we must conclude that a challenged ruling rests on an error of law, a clearly erroneous finding of fact, or otherwise cannot be located within the range of permissible decisions."  *United States v. Pearson*, 570 F.3d 480, 486 (2d Cir. 2009) (quoting *Boccagna*, 450 F.3d at 113).  We conclude that the district court did not make sufficient factual findings, which are necessary to our review of the restitution award.

The MVRA makes restitution mandatory for certain categories of crimes, including those that cause property loss to their victims.  18 U.S.C. § 3663A(a); *United States v. Thompson*, 792 F.3d 273, 277 (2d Cir. 2015).  "[R]estitution is authorized only for losses that [were] . . . directly caused by the conduct composing the offense of conviction and only for the victim's actual loss."  *United States v. Marino*, 654 F.3d 310,

319-20 (2d Cir. 2011) (internal quotation marks and citations omitted).  Because restitution is intended to make the victim whole, it must be based only on the actual loss caused by the scheme.  18 U.S.C. § 3663A(b)(1); *United States v. Lacey*, 699 F.3d 710, 721 (2d Cir. 2012).  Restitution is not intended to provide a victim with a windfall, that is, more than it actually lost.  *Thompson*, 792 F.3d at 277.

In cases involving monetary loss, the actual loss calculation must take into account "the value (as of the date the property is returned) of any part of the property that is returned."  18 U.S.C. § 3663A(b)(1)(B); *accord Thompson*, 792 F.3d at 280 ("Under the plain text of § 3663A(b), [a defendant's] total restitution liability under the MVRA is . . . the value of the stolen property . . . minus the value of what he returned to the victims . . . .").  In other words, in a mortgage fraud case where banks receive the pledged collateral upon foreclosure, in calculating restitution, the district court must credit any value of the collateral.  *United States v. Lacey*, 699 F.3d at 721; *see also United States v. Cavallo*, 790 F.3d 1202, 1240 (11th Cir. 2015) (reversing and remanding "[b]ecause the restitution amount ordered by the district court does not take into account the value of the collateral properties to the victims, [and thus] does not represent the actual loss to the victims, but instead confers a windfall on them.").

In some cases, as here, a victim may receive reimbursement for its losses from a third party prior to entry of a restitution order.  Any such third-party compensation should not affect the *amount* of the award.  *Thompson*, 792 F.3d at 278.

- 6 -

Pursuant to § 3664(j)(1), where a third party has assumed the victim's losses by reimbursing the victim, the court is to order payment of restitution to the third party. *Id.* But the third-party provider of compensation is not equivalent to a victim, and "any losses suffered by those parties in the course of compensating a victim cannot increase a district court's calculation of the defendant's restitution obligations under § 3663A(b). *Id.* at 279. "[A]ny restitution paid by a defendant to a third party [compensator] cannot exceed the amount the defendant could lawfully be ordered to pay the *original* victim." *Id.* (emphasis added).

Here, Capital One was a victim of Stevens's fraud, as it made a loan to Kinpit based on his fraud. But then Kinpit sold the properties in question, using some of the proceeds to repay Capital One in full for the loan. The district court ordered Stevens to pay restitution on account of Capital One's losses to Kinpit.

We are unable, because of a lack of clarity in the record, to determine whether the district court properly applied the principles set forth above. We are uncertain, for example, as to the following:

1.      Was the district court treating Kinpit as a victim of Stevens's bank fraud for purposes of the MVRA, or as a third-party compensator?

2.      What were Capital One's "actual losses"?

3.      Did the restitution award include compensation for Kinpit's losses (as opposed to Capital One's losses)?

4. Did the restitution award exceed the amount of Capital One's actual losses resulting from Stevens's bank fraud?

5. Were any of the loan proceeds diverted by Stevens, and, if so, how much went to Kinpit?

6. Is Kinpit is receiving a windfall (*i.e.*, is Stevens being ordered to pay monies to Kinpit he has already paid)?

7. Was the settlement agreement between Stevens and Kinpit intended to compensate Kinpit for its losses resulting from Stevens's bank fraud, and if so, to what extent?

Accordingly, we seek supplementation of the record by the district court pursuant to our practice in *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994), regarding the above questions. We remand to the district court such jurisdiction as is necessary to answer the questions above. This Court (and this panel) shall retain jurisdiction over this matter. Upon a decision by the district court, full jurisdiction will be restored to this Court and this panel by either party informing us by letter of the district court's decision. The parties will file simultaneous briefs no later than within thirty days of the receipt of such a letter by the Court. Further oral argument will be at the Court's discretion.

*   *   *

For the foregoing reasons, the district court's sentence is **AFFIRMED** to the extent that it imposed imprisonment for Stevens's bank fraud, and the case is **REMANDED** to the district court for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk