**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4253**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MIGUEL QUINONES, a/k/a Eric Hernandez,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Joseph R. Goodwin, District Judge. (2:16-cr-00116-1)

Submitted: December 21, 2017                    Decided: December 27, 2017

Before WILKINSON and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Diana Stavroulakis, Weirton, West Virginia, for Appellant. Carol A. Casto, United States Attorney, Jennifer Rada Herrald, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Miguel Quinones appeals the 70-month sentence imposed after his guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2012). The Government has moved to dismiss the appeal as barred by the appeal waiver in Quinones's plea agreement. We dismiss in part and affirm in part.

To be constitutionally valid, a plea must "be the voluntary expression of [a defendant's] own choice." *Brady v. United States*, 397 U.S. 742, 748 (1970). A defendant must enter a plea "knowingly and intelligently, with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Moussaoui*, 591 F.3d 263, 278 (4th Cir. 2010) (internal quotation marks omitted). When determining whether a defendant entered a plea knowingly and voluntarily, we "look to the totality of the circumstances surrounding it, granting the defendant's solemn declaration of guilt a presumption of truthfulness." *Id.* (alterations and internal quotation marks omitted).

In this case, the district court reviewed the plea agreement with Quinones, and Quinones stated, under oath, that he understood the agreement and agreed to its provisions. The district court also reviewed the rights Quinones gave up by pleading guilty and the consequences of his guilty plea. Quinones stated that the Government's factual basis supporting the plea was correct, that he pled guilty because he was actually guilty, and that he did so without threats or coercion. We therefore conclude, based on the totality of the circumstances, that Quinones's plea was knowing and voluntary.

Having determined that Quinones entered into his plea knowingly and voluntarily, *see United States v. Attar*, 38 F.3d 727, 732-33 & n.2 (4th Cir 1994), we review de novo

the validity of Quinones's appeal waiver. *United States v. Copeland*, 707 F.3d 522, 528, 530 (4th Cir. 2013). A defendant's waiver is valid if he agreed to it "knowingly and intelligently." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). An appeal waiver generally is enforceable "if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012) (internal quotation marks omitted). Appeal waivers, however, do not preclude an appeal as to any issue that cannot be waived by law, such as a claim that the sentence exceeds the statutory maximum, that race or other constitutionally impermissible factors influenced the sentence, or that the defendant was denied the right to counsel. *See Copeland*, 707 F.3d at 530. Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Quinones knowingly and voluntarily waived his right to appeal, and that the issue of whether the district court judge gave a timely opportunity for allocution under Fed. R. Crim. P. 32(i)(4)(A)(ii) falls within the scope of Quinones's waiver of appellate rights. *See United States v. Arevalo*, 628 F.3d 93, 100 (2d Cir. 2010) (holding that valid appeal waiver bars review of Rule 32 error; collecting cases, and noting contrary authority). We therefore grant the Government's motion to dismiss in part and dismiss Quinones's appeal of his sentence based upon his contention that he was denied the right to allocute.

Quinones's claim of ineffective assistance of counsel, however, does not fall within the scope of his appeal waiver. *See Copeland*, 707 F.3d at 530. Quinones argues that sentencing counsel were ineffective because they failed to object to the district court's failure to provide an opportunity for Quinones to allocute prior to its initial

3

statement of reasons supporting its intended sentence.  To prevail on his ineffective assistance claims, Quinones "must show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense."  *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (discussing prejudice in context of guilty plea).  This court does not consider ineffective assistance claims on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record."  *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016).  We conclude that counsel's ineffectiveness does not conclusively appear on the face of the record.  The court gave Quinones the opportunity to allocute, considered Quinones's statement, discussed the impact of his statement, further discussed its reasoning, and then pronounced the final sentence.  It is clear from the record that no prejudice resulted.

Accordingly, we grant in part the Government's motion to dismiss the appeal and dismiss the appeal as to the Rule 32 sentencing issue.  We also deny in part the Government's motion and affirm the district court's judgment as to the ineffective assistance of counsel issue.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART;*
*AFFIRMED IN PART*

4