*United States v. Seamans*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of January, two thousand twenty-four.

PRESENT:
> JOHN M. WALKER, JR.,
> JOSÉ A. CABRANES,
> JOSEPH F. BIANCO,
> > *Circuit Judges.*

_____

United States of America,

> *Appellee*,

> v.

Christopher Seamans,

> *Defendant-Appellant*.

_____

22-1119-cr

FOR APPELLEE:

STEVEN D. CLYMER (Carina H. Schoenberger, *on the brief*), Assistant United States Attorneys, of counsel, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY.

FOR DEFENDANT-APPELLANT:

JEREMIAH DONOVAN, Old Saybrook, CT.

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

Defendant-Appellant Christopher Seamans appeals from the district court's judgment, entered on May 16, 2022, following his guilty plea pursuant to a plea agreement, to one count of bank robbery in violation of 18 U.S.C. § 2113(a). The district court sentenced Seamans to 120 months' imprisonment, to be followed by three years of supervised release. Seamans argues that the district court misapplied the career offender enhancement under U.S.S.G. § 4B1.1(a). In particular, Seamans contends that the instant offense under Section 2133(a), as well as his two prior convictions under that statute, do not fall within the "crime of violence" definition. *See* U.S.S.G. § 4B1.2(a)(1)–(2). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

We do not reach the merits of Seamans' challenge because we conclude that, due to the appeal waiver provision in his plea agreement, Seamans has waived any argument that the district court misapplied the career offender enhancement.[1] "Waivers of the right to appeal a sentence

---

[1] Seamans' brief contains both a counseled and a *pro se* portion. In the counseled portion, defense counsel argues that Seamans has not waived his right to appeal his sentence as it relates to the career offender argument. However, counsel does not raise the argument that the district court erred in finding that Seamans qualified as a career offender himself because he believes that it is precluded by our binding precedent. *See United States v. Moore*, 916 F.3d 231, 237 (2d Cir. 2019) ("hold[ing] that federal bank robbery 'by force and violence, or by intimidation' under 18 U.S.C. § 2113(a) qualifies as a crime of violence . . . because it is enumerated in the Guidelines commentary [to U.S.S.G. § 4B1.2] and conforms

2

are presumptively enforceable." *United States v. Arevalo*, 628 F.3d 93, 98 (2d Cir. 2010) (citation omitted). Waivers are found to be "unenforceable only in very limited situations, such as when the waiver was not made knowingly, voluntarily, and competently, when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, when the government breached the plea agreement, or when the sentencing court failed to enunciate any rationale for the defendant's sentence." *Id.* (internal quotation marks and citation omitted).[2] Thus, these exceptions "occupy a very circumscribed area of our jurisprudence," and "we have upheld waiver provisions even in circumstances where the sentence was conceivably imposed in an illegal fashion or in violation of the Guidelines, but yet was still within the range contemplated in the plea agreement." *Gomez-Perez*, 215 F.3d at 319; *accord United States v. Ojeda*, 946 F.3d 622, 629 (2d Cir. 2020).

In his plea agreement, Seamans "waive[d] . . . any and all rights . . . to appeal and/or to collaterally attack . . . [a]ny sentence to a term of imprisonment of 120 months or less." App'x at 22. Here, as noted above, Seamans was sentenced to a term of imprisonment of 120 months. Thus, his sentence falls within the appeal waiver. The record also makes clear that this waiver

---

to the definition of generic robbery."). Instead, counsel attaches to his brief a separate *pro se* argument from Seamans that the career offender enhancement was improperly applied. In general, when counsel concludes that there are no non-frivolous arguments to appeal on the substantive merits, counsel should submit a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). *See United States v. Gomez-Perez*, 215 F.3d 315, 316 (2d Cir. 2000). Nevertheless, we find deferring this appeal pending further briefing on the *Anders* issue is unnecessary because: (1) counsel indicated in his brief that Seamans does not wish to withdraw his guilty plea or attempt to vacate his conviction, and (2) it is clear that any sentencing challenge in this case, including the Guidelines argument that Seamans seeks to raise, is barred by his appeal waiver.

[2] Additionally, a waiver of appeal is unenforceable if it lacked consideration, as a plea agreement is governed by contract law principles. *See United States v. Lutchman*, 910 F.3d 33, 37 (2d Cir. 2018).

was made knowingly, voluntarily, and competently. At the plea proceeding, the district court advised Seamans of the appeal waiver provision, and he confirmed that he discussed it with his attorney and understood it. *See* App'x at 84 ("THE COURT: You understand that you may not appeal your sentence or otherwise challenge or collaterally attack your sentence if I sentence you to 120 months or less? You understand that? THE DEFENDANT: Yes, Your Honor.").

Nevertheless, Seamans, through counsel, contends that the appeal waiver should not apply because the plea agreement provided elsewhere that Seamans "reserve[d] his right to litigate and contest the issue[] that [he] is a career offender pursuant to U.S.S.G. § 4B1.1(a) and (b)(3)." App'x at 21. Therefore, Seamans asserts that it is ambiguous whether this provision in the plea agreement regarding his ability to bring a career offender argument is an exception to the appeal waiver clause, and that this ambiguity should be construed against the government as the drafter of the agreement. We disagree. First, as noted above, the appeal waiver provision of the plea agreement at issue unambiguously precludes Seamans from appealing "*[a]ny* sentence to a term of imprisonment of 120 months or less." App'x at 22 (emphasis added). Moreover, Seamans' preservation of his right to litigate and contest his career offender status is included in the sentencing stipulations section rather than in the appeal waiver section of the plea agreement. Nowhere does the plea agreement state that Seamans is entitled to appeal his sentence based on this argument. Furthermore, the appeal waiver provision explicitly carved out one exception, noting that Seamans could bring an ineffective-assistance-of-counsel claim. Thus, the parties clearly understood they could exempt certain types of claims or arguments from the appeal waiver and did not do so for the career offender argument. Seamans has made no other arguments as to

4

why any exception to enforcement of the waiver should apply, nor has our own independent review of the record identified any basis for not enforcing the waiver. Accordingly, Seamans' plea agreement is enforceable and precludes his challenge to his sentence.

*   *   *

We have considered Seamans' remaining arguments on the appeal waiver issue and find them to be without merit. Accordingly, the appeal is **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5