13-3244(L)
United States v. Vasquez-Gomez

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of March, two thousand fifteen.

PRESENT:  CHESTER J. STRAUB
          ROBERT D. SACK,
          CHRISTOPHER F. DRONEY,
                    *Circuit Judges.*

------------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.

No. 13-3244(L)
No. 13-3367(CON)

TOMMY GERMOSEN, JOSE RODRIGUEZ-SAEZ, AKA Jose Antonio Rodriguez, JOSE LUIS ULLOA FERMIN,

*Defendants*,


MODESTO VASQUEZ-GOMEZ, AKA El Doctor, JUAN RONDON,

*Defendants-Appellants.*

------------------------------------------------------------------------


| FOR DEFENDANT-APPELLANT VASQUEZ-GOMEZ: | NICHOLAS J. PINTO, New York, NY. |
|---|---|
| FOR DEFENDANT-APPELLANT RONDON: | RANDOLPH Z. VOLKELL, Merrick, NY. |

FOR APPELLEE:                          JUSTIN ANDERSON, Assistant United States Attorney, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeals from August 19, 2013 judgments of the United States District Court for the Southern District of New York (Gardephe, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that: (1) the judgment of Defendant-Appellant Vasquez-Gomez is **AFFIRMED**; and (2) the *Anders* motion filed by Defendant-Appellant Rondon's counsel is **GRANTED**, the government's motion to dismiss the appeal or for summary affirmance of Rondon's judgment of conviction is **GRANTED**, Rondon's appeal is **DISMISSED** as it relates to the term of imprisonment, and the judgment of Rondon's conviction is otherwise **AFFIRMED**.

Defendants-Appellants Modesto Vasquez-Gomez and Juan Rondon appeal their judgments of conviction.   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

1.  <u>Vasquez-Gomez</u>

Vasquez-Gomez pleaded guilty to conspiracy to commit robbery, attempted robbery, and aiding and abetting the use of a firearm during an attempted robbery in violation of 18 U.S.C. §§ 2, 924(c), and 1951.   The district court sentenced Vasquez-Gomez to 157 months' imprisonment.   Vasquez-Gomez contends that his sentence was procedurally unreasonable because the district court relied on Section 2A1.1 of the United States Sentencing Guidelines (the "Guidelines") relating to first degree murder when calculating his advisory sentencing range.   Vasquez-Gomez argues that Section 2A1.1 does not apply to his offense conduct because he had a limited role in the home invasion attempted robbery of victim Edwin Molina that ended in Molina's death. Although Vasquez-Gomez helped to plan and carry out the attempted armed robbery, he did not enter Molina's house or have contact with the firearms used by his co-conspirators. Thus, Vasquez-Gomez argues that the district court erred in finding that Molina's murder was a foreseeable consequence of the attempted armed robbery.   We disagree.

We review a sentence for abuse of discretion.  *United States v. Preacely*, 628 F.3d 72, 78 (2d Cir. 2010).  A district court commits procedural error and thereby abuses its discretion "where it fails to calculate the Guidelines range (unless omission of the calculation is justified), makes a mistake in its Guidelines calculation, . . . treats the Guidelines as mandatory[,] . . . does not consider the § 3553(a) factors, . . . rests its sentence on a clearly erroneous finding of fact[,] [or] fails adequately to explain its chosen sentence, . . . includ[ing] an explanation for any deviation from the Guidelines range."  *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc) (citations and internal quotation marks omitted).  A district court's finding on "the question of reasonable foreseeability" at sentencing is reviewed for clear error.  *United States v. Ekwunoh*, 12 F.3d 368, 370 (2d Cir. 1993).

Under the Guidelines, a defendant is responsible for "all reasonably foreseeable acts and omissions of others in furtherance of . . . jointly undertaken criminal activity[] that occurred during the commission of the offense."  U.S. Sentencing Guidelines Manual § 1B1.3(a)(1)(B).  "An offense by a co-conspirator is deemed to be reasonably foreseeable if it is a necessary or natural consequence of the unlawful agreement."  *United States v. Parkes*, 497 F.3d 220, 232 (2d Cir. 2007) (internal quotation marks omitted).

Here, Molina was murdered during the armed home invasion and attempted robbery that Vasquez-Gomez helped plan.  Vasquez-Gomez admitted during his plea allocution that "part of the robbery plan was to overtake the victim *by force* and intimidation in order to steal the drug proceeds."  Vasquez-Gomez App. at 28 (emphasis added); *see id.* at 31 (acknowledging that "force would be necessary to obtain the money that was the purpose of the conspiracy").  Furthermore, the facts set forth in the Presentence Report, which were adopted by the district court after Vasquez-Gomez did not object to their accuracy, indicate that Vasquez-Gomez and his co-conspirators discussed their intention to bring firearms to the robbery and possibly use them to carry out the robbery and knew that Molina was at home on the night of the robbery.  Based on this record, we agree with the district court that the use of deadly force was a reasonably foreseeable consequence of the attempted armed robbery.

Vasquez-Gomez notes that he did not enter Molina's house or have contact with the firearms used in the attempted robbery.  However, Vasquez-Gomez admitted that he and the co-conspirators conspired to use "force" during the robbery to overtake Molina.  Vasquez-Gomez App. at 28, 31.  That Vasquez-Gomez was not present when Molina was

3

murdered does not absolve him from responsibility for the reasonably foreseeable actions of his co-conspirators pursuant to the conspiracy he helped plan. Vasquez-Gomez also argues that the firearms were used solely for intimidation, not Molina's murder, as Molina was killed after the co-conspirators punched him in the head, threw a blanket over his face, held the back of his neck, and stepped on his head. Even though Molina was not killed by the firearms themselves, "[t]he death of a victim is a natural consequence of a robbery which is premised on the use of overmastering force and violent armed confrontation." *Parkes*, 497 F.3d at 232. Vasquez-Gomez may not have believed it was necessary to kill Molina during the robbery, but Molina's death was nevertheless reasonably foreseeable.

Accordingly, we find no procedural error in the district court's sentencing of Vasquez-Gomez.

### 2. Rondon

Rondon entered into a plea agreement with the government in which he agreed to plead guilty to attempted robbery in violation of 18 U.S.C. § 1951. The agreement stated that the charge carried statutory penalties that included imprisonment for a maximum of twenty years, supervised release for a maximum of three years, and a fine. Rondon agreed not to appeal "any sentence within or below the Stipulated Guidelines Sentence of twenty years' imprisonment," "any term of supervised release that is less than or equal to the statutory maximum," or "any fine that is less than or equal to $250,000." Rondon App. at 13. At Rondon's plea hearing, the district court determined that he was competent to plead guilty and accepted his guilty plea. The court then imposed a Guidelines sentence of twenty years' imprisonment and a $100 special assessment.

Although Rondon filed a timely notice of appeal, his counsel Randolph Volkell moves for permission to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). The government cross-moves to dismiss the appeal or for summary affirmance of the conviction. For the following reasons, Volkell's *Anders* motion is granted; the government's motion to dismiss the appeal is granted as to Rondon's term of imprisonment; and the government's motion for summary affirmance is granted as to Rondon's conviction and the special assessment.

Upon review of the plea agreement, the plea hearing transcript, and the record, we find that Rondon's guilty plea was knowing and voluntary. We similarly find that

4

Rondon knowingly and voluntarily agreed not to appeal "any sentence within or below the Stipulated Guidelines Sentence of twenty years' imprisonment." Rondon App. at 13. Because Rondon was sentenced to twenty years' imprisonment, the appeals waiver bars appeal of his sentence. *See United States v. Arevalo*, 628 F.3d 93, 98 (2d Cir. 2010) ("Waivers of the right to appeal a sentence are presumptively enforceable."). As to Rondon's conviction and special assessment, which were not covered by the appeals waiver, we find that no non-frivolous issues exist with respect to his guilty plea.[1] *See United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000).

We have considered Vasquez-Gomez's remaining arguments and find them to be without merit. Accordingly, the judgment of Vasquez-Gomez is **AFFIRMED**; the *Anders* motion filed by Rondon's counsel is **GRANTED**; the government's motion to dismiss the appeal is **GRANTED** as to Rondon's term of imprisonment; the government's motion for summary affirmance is **GRANTED** as to Rondon's conviction and the special assessment; Rondon's appeal is **DISMISSED** as it relates to the term of imprisonment; and the judgment of Rondon's conviction is otherwise **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Although the district court noted during Rondon's plea allocution that in entering into the plea agreement he waived his right to appeal the sentence, the court failed to note, as required by Federal Rule of Criminal Procedure 11(b)(1)(N), that the appeals waiver also covered fines and the terms of supervised release. This variance was not objected to at the time of the plea and does not constitute plain error warranting reversal, as the record unambiguously demonstrates that Rondon understood the appeals waiver and, at any rate, no fine or term of supervised release was assessed. *See United States v. Cook*, 722 F.3d 477, 481 (2d Cir. 2013).