24-1307-cr
*United States v. Landa*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of May, two thousand twenty-five.

PRESENT:
> GUIDO CALABRESI,
> JOSEPH F. BIANCO,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

     *Appellee,*

v.                                                                                            24-1307-cr

OKAMI LANDA,

     *Defendant-Appellant.*

_____

| | |
|---|---|
| FOR APPELLEE: | Nicholas S. Bradley and Derek Wikstrom, Assistant United States Attorneys, *for* Danielle R. Sassoon, Interim United States Attorney for the Southern District of New York, New York, New York. |
| FOR DEFENDANT-APPELLANT: | Robert J. Boyle, Law Office of Robert J. Boyle, New York, New York. |

Appeal from a judgment of the United States District Court for the Southern District of New York (P. Kevin Castel, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this appeal is **DISMISSED**.

Defendant-Appellant Okami Landa appeals from the district court's judgment of conviction, entered on May 1, 2024, following his guilty plea to possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2), and 2 ("Count Two" of the Indictment), and his admission to committing a hoax threat, in violation of his conditions of supervised release and 18 U.S.C. § 1038(a)(1) ("VOSR Specification")—both pursuant to a plea agreement.[1] The district court sentenced Landa principally to 120 months' imprisonment for Count Two. The district court also sentenced Landa to 10 months' imprisonment for the VOSR Specification, to run consecutively to the sentence imposed for Count Two. On appeal, Landa's sole challenge is to the substantive reasonableness of the 130-month total sentence.

As a threshold matter, we must address whether Landa's appeal of his sentence is precluded by his plea agreement, which included appellate waivers stating that he (1) "will not file a direct appeal; nor bring a collateral challenge . . . of any sentence at or below the Stipulated Guidelines Sentence of 120 months' imprisonment" for Count Two, and (2) "will not file a direct appeal, nor bring a collateral challenge, of any sentence on [the VOSR Specification] within or below the Stipulated VOSR Guidelines Range of 4 to 10 months' imprisonment, even if the Court imposes a sentence consecutive to the sentence on Count Two of the Indictment." App'x at 17. Landa argues that he did not knowingly waive his right to appeal the VOSR Specification sentence because the

---

[1] The supervised release was imposed in connection with a 2016 conviction and sentence, in the United States District Court for the Southern District of New York, for possession of child pornography. Landa's supervision on that conviction commenced in March 2018.

district court failed to advise him of that waiver, in violation of Federal Rule of Criminal Procedure 11. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to dismiss the appeal.

"Waivers of the right to appeal a sentence are presumptively enforceable." *United States v. Arevalo*, 628 F.3d 93, 98 (2d Cir. 2010). However, "[i]n some cases, a defendant may have a valid claim that the waiver of appellate rights is unenforceable, such as when the waiver was not made knowingly, voluntarily, and competently." *United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000).[2] A district court's failure "to comply with the important strictures of Rule 11" may render an appellate waiver invalid. *United States v. Lloyd*, 901 F.3d 111, 118 (2d Cir. 2018). "In assessing the likely effect of a Rule 11 error, we are to examine the entire record." *United States v. Torrellas*, 455 F.3d 96, 103 (2d Cir. 2006).

Because Landa did not raise this Rule 11 challenge before the district court during the plea proceeding, we review it for plain error. *Lloyd*, 901 F.3d at 119. A challenge may survive plain error review only where "(1) there is an error," "(2) the error is clear or obvious," "(3) the error affected the appellant's substantial rights," and "(4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Sanchez*, 773 F.3d 389, 391 (2d Cir. 2014) (citation omitted). We have repeatedly stated that, in the Rule 11 context, the substantial-rights prong "require[s] that a defendant show a reasonable probability that, but for the error, he would not have entered the plea." *Lloyd*, 901 F.3d at 119 (internal quotation marks omitted); *see*

---

[2] We also will not enforce an appellate waiver "when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, when the government breached the plea agreement, or when the sentencing court failed to enunciate any rationale for the defendant's sentence." *Gomez-Perez*, 215 F.3d at 319 (internal citations omitted). Moreover, an appellate waiver in a plea agreement is governed by contract law principles, and thus, is unenforceable if the agreement lacked consideration. *See United States v. Lutchman*, 910 F.3d 33, 37 (2d Cir. 2018). Landa does not argue that any of these other exceptions apply here.

*United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004) ("[T]o obtain relief for an unpreserved Rule 11 failing, . . . a defendant is obliged to show a reasonable probability that, but for the error, he would not have entered the plea."). Landa does not dispute that this standard applies to Rule 11 errors related to appellate waivers.

Rule 11(b)(1)(N) requires the district court to "inform the defendant of, and determine that the defendant understands, . . . the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." Fed. R. Crim. P. 11(b)(1)(N). At the plea hearing, the district court confirmed Landa understood that "one of the features of [his] agreement with the government" was that he was "waiv[ing] [his] right to appeal or collaterally attack the [Count Two] sentence unless the sentence is above 120 months." App'x at 37. However, the district court did not further advise Landa that he was also waiving his right to appeal the sentence for the VOSR Specification, as set forth in his plea agreement.

The government asserts, as an initial matter, that "Landa cannot establish any Rule 11 error—plain or otherwise—with respect to his admission of a violation of supervised release, because in the context of such an admission, Rule 11 does not apply at all." Appellee's Br. at 23. We need not address this argument because we conclude that, even assuming *arguendo* that the district court violated Rule 11, the error did not affect Landa's substantial rights under plain error review.

The record, as a whole, reflects that Landa understood he was waiving his right to appeal the VOSR Specification sentence, and nothing in the record suggests that, but for the district court's error, Landa would not have entered the plea. First, Landa signed the plea agreement, which included the appellate waivers of both the Count Two and VOSR Specification sentences, and he did so on the date of his plea proceeding. The district court, at the guilty plea proceeding,

4

confirmed that Landa signed the plea agreement, read and understood the agreement before signing, discussed it with his counsel, and that the agreement "contain[ed] all of [his] understandings with the government." App'x at 36; *see United States v. Hernandez*, 242 F.3d 110, 112 (2d Cir. 2001) (per curiam) (emphasizing that "the district court was entitled to rely upon the defendant's sworn statements" at his guilty plea proceeding including, *inter alia*, "that he understood the consequences of his plea" and "had discussed the plea with his attorney"). Further, the district court confirmed that Landa understood he was pleading guilty to, and could be sentenced to up to two years' imprisonment for, the VOSR Specification. Together, these facts give us confidence that Landa understood, as explicitly set forth in his plea agreement, that he was waiving his right to appeal any sentence on the VOSR Specification if he was sentenced to between "4 to 10 months' imprisonment, *even if the Court imposes a sentence consecutive to the sentence on Count Two of the Indictment*," App'x at 17 (emphasis added), and that he could not have reasonably believed that this appellate waiver did not apply to the VOSR sentence merely because he was pleading guilty "to a VOSR and a new indictment during the same proceeding," Appellant's Br. at 16; *see Sanford v. United States*, 841 F.3d 578, 581 (2d Cir. 2016) (per curiam) (concluding that the defendant knowingly and voluntarily agreed to the collateral attack waiver, even where the district court failed to specifically mention that provision in reviewing the terms of the appellate waiver during the plea hearing, because "the district court confirmed that [the defendant] had signed the plea agreement and discussed it with his lawyer, that he was competent to plead guilty, and he had no questions about his plea"); *see also United States v. Piccarreto*, No. 21-2915-CR, 2023 WL 4169974, at *2 (2d Cir. June 26, 2023) (summary order) (finding that the district court's failure to advise the defendant that his appellate waiver encompassed the restitution order did not affect the defendant's substantial rights because the district court confirmed that the defendant

"knew he faced restitution," "had reviewed the plea agreement with counsel and understood it," and "understood he was waiving his right to appeal the sentence" generally); *accord United States v. Pagliuca*, 767 F. App'x 93, 96 (2d Cir. 2019) (summary order); *United States v. Germosen*, 605 F. App'x 16, 19 n.1 (2d Cir. 2015) (summary order).[3] In any event, Landa neither argues nor points to anything in the record to suggest that, but for the district court's alleged Rule 11 error, he would not have entered into the plea agreement. In short, because any Rule 11 error did not affect Landa's substantial rights, the appellate waivers of both the child pornography and VOSR sentences remain valid and bar this appeal.

*      *      *

We have considered Landa's remaining arguments regarding the appellate waivers and conclude that they are without merit. Accordingly, the appeal is **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] Landa's reliance on *United States v. Ready*, 82 F.3d 551 (2d Cir. 1996) is misplaced. There, the defendant's confusion as to whether his appellate waiver covered an illegally imposed restitution order resulted from the district court's explanation that "the waiver only applied to legally imposed sentences." *Id.* at 557. We concluded it was "entirely reasonable for [the plaintiff] to believe (with the judge) that he was not waiving his right to appeal a sentence that was imposed illegally." *Id.* Indeed, we then went on to conclude that the waiver "did not include [the defendant's] right to appeal an illegally imposed restitution penalty." *Id.* at 558. No such ambiguity as to the scope of the appellate waivers is present here.